| | |
|---|---|
| **CRAIG FRANCIS SZEMPLE,**<br><br>                              **Plaintiff,**<br><br>vs.<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS; DR. AHMAR SHAKIR; DR. JEFFERY POMERANTZ; DR. SHERITA M. LATIMORE-COLLIER; APN CHRISTINE HARTRANFT; APN LISA MILLS; RN CONNIE PURSELL; RUTGERS UNIVERSITY CORRECTIONAL HEALTH CARE; ABC CORPORATIONS 1-5; JOHN DOE ##1-3; AND JANE DOE ##1-3, INDIVIDUALLY, JOINTLY AND SEVERALLY,**<br><br>                              **Defendants.** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>**DOCKET NO. 2:25-CV-03941**<br><br>**CIVIL ACTION** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Esad Metjahic, Esq.
        On the Brief

Gary L. Riveles, Esq.
        Of Counsel

**MACNEILL, O'NEILL & RIVELES, LLC**
Attorneys for Defendants, Jeffrey Pomerantz, D.O., Sherita Latimore-Collier, M.D., Christine Hartranft, APN, Lisa Mills, APN, Connie Purcell, R.N (improperly pled as Connie Pursell) and Rutgers, the State University of New Jersey (improperly pled as Rutgers University Correctional Healthcare).

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................3

STANDARD FOR REVIEW ..................................................................................6

LEGAL ARGUMENT.............................................................................................8

   I.   Plaintiff is required to provide an Affidavit of Merit and failure to do so demands dismissal of his complaint with prejudice..............................................9

   A.   The holding of *Berk v. Choy* does not apply to the New Jersey AOM Statute. 11

   II.   The Common Knowledge Doctrine does not apply to plaintiff's claims. .13

   III.   No exceptional circumstances warrant an extension beyond the 120-day period proscribed by the Affidavit of Merit Statute. .............................................15

CONCLUSION .....................................................................................................17

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) .......................................6
*Bender v. Walgreen Eastern Co., Inc.*, 399 N.J. Super. 584, 590 (App. Div. 2008)..8
*Berk v. Choy*, 223 L. Ed. 2d 463 (2026) ........................................................... 13-17
*Buck v. Henry*, 207 N.J. 377 (2011) ........................................................................15
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quotations omitted) ...........5
*Chamberlain v. Giampapa*, 210 F.3d 154, 160-61 (3d Cir. 2001)............................7
*Cowley v. Virtua Health System*, 242 N.J. 1, 19 (2020)..........................................13
*Farris v. Cnty. of Camden*, 61 F. Supp.2d 307, 346 (D.N.J. 1999)............................6
*Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144 (2003) ............................15
*Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) .............................6
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ........6
*Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 291 n.4, 303
   n.13 (3d Cir. 2012).........................................................................................7, 11, 12
*Palanque v. Lambert-Woolley*, 168 N.J. 398 (2001)...............................................15
*Paragon Contractors, Inc. v. Peachtree Condominium Ass'n*, 202 N.J. 415, 426
   (2010)......................................................................................................................15
*Rosenberg v. Cahill*, 99 N.J. 318 (1985)................................................................13
*Ryan v. Renny*, 203 N.J. 37 (2010)...........................................................................8
*Sanzari v. Rosenfeld*, 34 N.J. 128, 134-35 (1961) .................................................13
*Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ...................5
*Szemple v. Corr. Med. Servs.*, 493 Fed. Appx. 238, 242 (3d Cir. 2012) ...................8
*Szemple v. Rutgers*, No. 3:19-cv-13300 (D.N.J. filed May 19, 2019) ....................16
*Szemple v. Univ of Med. & Dentistry of N.J.*, 2017 U.S. Dist. LEXIS 167611 at
   *22-23 (D.N.J. Oct. 11, 2017) ..............................................................................13
*Szemple v. Univ of Med. & Dentistry*, 451 Fed. Appx. 187 (3d Cir. 2011)..............15
*Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423 (D.N.J. 2016)..8,
   15
*Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) .............................5
*United States v. Care Alternatives*, 81 F.4th 361, 369 (3d Cir. 2023).......................5

**Statutes**

Del. Code, Tit. 18, §6853(a)(1) (2025) .............................................................. 10, 12
*N.J.S.A.* § 2A:53A-26................................................................................................9
*N.J.S.A.* § 2A:53A-27................................................................................... passim
*N.J.S.A.* § 2A:53A-28. ............................................................................................11
*N.J.S.A.* § 2A:53A-29...........................................................................................8, 11
*N.J.S.A.* § 2A:53A-41. ............................................................................................11

**Rules**

Fed. R. Civ. P. 56(a) ...........................................................................................5, 12
Fed. Rule Civ. Proc. 12(b)(6)................................................................................12
Fed. Rule Civ. Proc. 8(a)(2) ..................................................................................11

# INTRODUCTION

Craig Szemple is a serial litigant serving a life sentence at New Jersey State Prison. At the time of the relevant events, Mr. Szemple was confined at South Woods State Prison. He generally claims that Dr. Shakir negligently aspirated his left knee on July 20, 2022, causing the syringe tip to break in his left knee. He claims that over the course of the next two years, the moving defendants were negligent in not identifying this foreign body in his knee, failing to diagnose his sepsis that developed at some point over the course of two years, and they were negligent in deciding which ambulatory assistive devices were most appropriate for him.

All of Mr. Szemple's medical negligence claims against Defendants, Jeffrey Pomerantz, D.O., Sherita Latimore-Collier, M.D., Christine Hartranft, APN; Lisa Mills, APN, Connie Purcell, R.N and Rutgers, the State University of New Jersey are entrenched in questions of medical judgment. In New Jersey, a plaintiff must meet a certain evidentiary threshold early in discovery as proscribed by the Affidavit of Merit Statute. Failure to provide a conforming affidavit from a licensed medical professional, of the same specialty and practice as the defendant, is a fatal defect in the plaintiff's claims and warrant dismissal of those medical malpractice claims on the merits. Plaintiff has failed to meet this threshold, and New Jersey law requires

all of his medical negligence claims, enshrined in Counts 9, 11, and 12, be dismissed with prejudice against the moving defendants.

## **STANDARD FOR REVIEW**

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Care Alternatives*, 81 F.4th 361, 369 (3d Cir. 2023) (citing *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014); see also Fed. R. Civ. P. 56(a). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quotations omitted); Fed. R. Civ. P. 56(a).

It is well established that the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal citation omitted). The moving party may also meet its burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the

ultimate burden of proof." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (quotations and citations omitted). Under either approach, Defendant has the initial burden to bring a properly supported motion for summary judgment. *See*, *Farris v. Cnty. of Camden*, 61 F. Supp.2d 307, 346 (D.N.J. 1999).

Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If reasonable minds could differ as to the import of the evidence," summary judgment is not appropriate. *See id.*, at 250-51. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Finally, "because [New Jersey's] affidavit of merit statute is not a pleading requirement," summary judgment is the proper remedy for failure to comply with it, even though the consequences are "functionally the same as a motion to dismiss." *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 291 n.4, 303 n.13 (3d Cir. 2012); *Chamberlain v. Giampapa*, 210 F.3d 154, 160-61 (3d Cir. 2001).

## **LEGAL ARGUMENT**

Plaintiff's claims sounding in medical malpractice must be dismissed because the plaintiff has failed to file an Affidavit of Merit within the 120 days proscribed by *N.J.S.A.* § 2A:53A-27. Plaintiff's claims undisputedly arise from claims that the moving defendants deviated from the standard of care in rendering treatment to the provider, bringing those claims within the scope of the Affidavit of Merit Statute. SOMF ¶ 26; see also generally, Ex. A. These allegations specifically focus on two aspects of relevant medical treatment. The first are allegations of failure to diagnose or treat the plaintiff's infection. SOMF ¶ 12; Ex. A ¶ 31, 95. The second relate to decisions made as to what assistive devices the plaintiff was authorized to have as a prisoner-patient  SOMF ¶ 10, 15; Ex. A ¶ 30, 34, 95. Both are deeply steeped in medical decision making and fall within the scope of the Affidavit of Merit Statute. In the plaintiff's unique case, no exceptional circumstances apply as they are well aware of the Affidavit of Merit Statute and its requirements. Accordingly, partial

summary judgment is appropriate as to the moving defendants for all claims and crossclaims related to allegations of medical malpractice.

I. **Plaintiff is required to provide an Affidavit of Merit and failure to do so demands dismissal of his complaint with prejudice.**

Plaintiff's claims against the moving defendants based on medical decision making and treatment must be dismissed under New Jersey law.  In an action alleging professional malpractice, New Jersey requires an Affidavit of Merit ("AOM").  *N.J.S.A.* §§ 2A:53A-26 to 29.  A plaintiff's failure to do so speaks to the merits of his case.  *See*, *Bender v. Walgreen Eastern Co., Inc.*, 399 N.J. Super. 584, 590 (App. Div. 2008) (holding that a plaintiff's failure to produce an AOM inherently speaks to the merits of the plaintiff's claims).  "The requirement of an AOM is intended to screen out meritless malpractice claims…." *Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423, 426 (D.N.J. 2016) (citing *Ryan v. Renny*, 203 N.J. 37 (2010) (quotation omitted).  Within 120 days after the defendant files an answer, the malpractice plaintiff must file an Affidavit of Merit that states, to a reasonable probability, the defendant's conduct fell short of accepted standards in the relevant profession.  *N.J.S.A.* § 2A:53A-27.  If a proper, timely AOM is not filed, the case will be dismissed.  *N.J.S.A.* § 2A:53A-29; *see also*, *Szemple v. Corr. Med. Servs.*, 493 Fed. Appx. 238, 242 (3d Cir. 2012).  Pertinent to this matter, *N.J.S.A.* § 2A:53A-

26 requires an Affidavit of Merit against "physicians in the practice of medicine or surgery…, a registered professional nurse…, [and] a health care facility…."

Here, it is undisputable that plaintiff's claims are subject to the Affidavit of Merit Statute. The first group of claims pertains to the medical defendants and their active treatment of a patient with complaints of post-operative knee pain. The decision in how to treat a prosthetic joint with a history of over four years of chronic swelling is steeped in medical decision making. Distinguishing between an infection from arthritis or innumerable other diagnoses is a discretion of medical judgment that inherently relies on the education and experience of a licensed professional. Every aspect of care plaintiff complains of is an exercise of medical judgment by a licensed medical provider.

Likewise, the second group of claims Mr. Szemple brings are decisions of medical judgment. Mr. Szemple claims it was medical negligence to take away his cane and knee brace, and later his wheelchair. Even in the case of a non-inmate patient, the decision for which ambulatory assistive device to prescribe is an exercise of medical judgment. A cane may be a tripping hazard for certain orthopedic patients, and a wheelchair may be contraindicated in patients who need to weight-bear. For some patients, a rolling walker may be the appropriate device. SOMF ¶

17; Ex. C.  Accordingly, Mr. Szemple was required to produce an Affidavit of Merit during the 120-day period.

### A. The holding of *Berk v. Choy* does not apply to the New Jersey Affidavit of Merit Statute.

Summary judgment is appropriate as to plaintiff's medical malpractice claims despite the Supreme Court's recent decision in *Berk v. Choy*, 223 L. Ed. 2d 463 (2026) because the New Jersey Affidavit of Merit statute is distinguishable from those issues.  In *Berk*, a plaintiff brought a medical malpractice matter in the District of Delaware without an Affidavit of Merit accompanying his complaint, as required by Del. Code, Tit. 18, §6853(a)(1) (2025).  In Delaware, "[n]o health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by [a]n affidavit of merit." §6853(a)(1).  In *Berk*, the plaintiff failed to do so, and further failed to provide an affidavit of merit within the sixty days granted by motion, pursuant to §6853(a)(2).  *Berk*, at 469.  The Court found that requirements of §6853 were in direct contest with Fed. Rule Civ. Proc. 8(a)(2), which establishes the requirements for a complaint as a "short and plain statement of the claim showing that [he] is entitled to relief."  *Berk*, at 469.  The Court held that Rules of Decision Act required the Delaware Affidavit of Merit law yield to the Federal Rules of Civil Procedure and was thus displaced, regardless of whether it is "substantive" under *Erie*.  *Berk*, at 472.

This holding is inapplicable as to New Jersey's Affidavit of Merit Statute, which does not augment the pleading requirement. *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 291 n.4, 303 n.13 (3d Cir. 2012) (finding that "the affidavit of merit statute is not a pleading requirement"). New Jersey's statute is distinguishable from Delaware's in several ways. New Jersey's Affidavit of Merit Statute affords sixty (60) days as of right to provide an Affidavit of Merit, running from the filing of that defendant's answer, and an additional sixty (60) days granted by the court for good cause without need for motion. *N.J.S.A.* § 2A:53A-27. New Jersey's statute also sets out several provisions and circumstances to excuse (*N.J.S.A.* § 2A:53A-28) or waive (*N.J.S.A.* § 2A:53A-41) the requirement. The New Jersey Affidavit of Merit Statute deems noncompliance as a failure to state a cause of action, which allows enforcement by way of motion. *N.J.S.A.* § 2A:53A-29.

The Court's discussion in *Berk* reveals these are dispositive distinctions. The Defendants in *Berk* attempted to "rewrite Delaware's law" as "a free-floating evidentiary requirement that can serve as the basis for an early dismissal. *Berk*, at 473. The Court found the issue with this would be that "there would be no way to enforce such a requirement." *Ibid*. The Court stated that in such a hypothetical scenario, "the appropriate mechanism for putting a plaintiff to their proof would be Fed. Rule Civ. Proc. 56. *Ibid*. The Court reasoned that this did "not offer defendants

the protection they want, because before ruling on the motion, the court must allow the nonmovant 'adequate time for discovery.'" *Ibid.* (Internal citation omitted.)

New Jersey Affidavit of Merit Statute differs fundamentally from the Delaware statute at issue in *Berk*, because the New Jersey statute has the answers to the questions raised by the Court. The New Jersey statute affords time for discovery as required by the Federal Rules, but sets a firm timeframe as to avoid the issue of a "free-floating evidentiary requirement." *N.J.S.A.* § 2A:53A-27. The New Jersey Statute creates an enforcement mechanism by specifically making noncompliance a failure to state a claim. *N.J.S.A.* § 2A:53A-29. The 3d. Circuit has previously held that summary judgment affords the mechanism for adjudicating issues arising under *N.J.S.A.* § 2A:53A-27. *Nuveen*, *supra*, at 291.

In sum, nothing in *Berk v. Choy*, 223 L. Ed. 2d 463 (2026) stands to overrule the vast body of case law in the 3d Circuit upholding dismissals under *N.J.S.A.* § 2A:53A-27. The holding in *Berk* is narrow as to the unique Delaware Affidavit of Merit Statute that creates a heightened pleading requirement, in competition with Rule 8.. *See*, *Berk* at 463 (stating "Held: *Delaware's* affidavit law does not apply in federal court")(emphasis added). *Berk* does not apply to New Jersey's Affidavit of Merit Statute.

**II.     The Common Knowledge Doctrine does not apply to plaintiff's claims.**

The limited exception to the Affidavit of Merit Statute known as the "Common Knowledge" rule is inapplicable to the plaintiff's claims because the medical decision-making relevant to the plaintiff's care goes beyond the average ken. "The standard of practice to which [the defendant-practitioner] failed to adhere must be established by expert testimony…." *Estate of Allen v. Cumberland Cty.*, 262 F. Supp. 3d 112, 116 (D.N.J. 2017) (*citing Sanzari v. Rosenfeld*, 34 N.J. 128, 134-35 (1961)), *see also*, *Rosenberg v. Cahill*, 99 N.J. 318 (1985). "Because of the innate complexities of medical malpractice actions, such issues do not usually fall within the common knowledge of an average juror." *Cowley v. Virtua Health System*, 242 N.J. 1, 19 (2020); *see also, Szemple v. Univ of Med. & Dentistry of N.J.*, 2017 U.S. Dist. LEXIS 167611 at *22-23 (D.N.J. Oct. 11, 2017).

No aspect of Mr. Szemple's care in the current litigation falls within the common knowledge. The identification and diagnosis of infection is not as simple as identifying negative symptoms after surgery. In the instant matter, plaintiff alleges that this infection developed at some unknown time in the 17 months after Dr. Shakir's aspiration of his left knee. Determining at what point, if any, a reasonable medical provider should have known that Mr. Szemple was suffering from an infection requires a medically trained mind. Such a determination is far beyond the understanding of the average juror and thus does not fall within the common knowledge exception.

The decision to issue Mr. Szemple a rolling walker over a cane or wheelchair is also beyond the ken of the average juror. As previously explained, the determination of what ambulatory assistive device is appropriate for a patient is a nuanced medical decision, specific to each patient. Further, Mr. Szemple is an inmate, and his care must be balanced against the public interest and those of other inmates. A cane can easily be used as a weapon, and such objects are heavily regulated in a prison environment. While this is not to contend that Mr. Szemple would ever be predisposed towards any such violent tendencies, another inmate can easily take such an item from Mr. Szemple to use and injure another inmate; potentially even Mr. Szemple himself. Accordingly, a medical provider in a correctional setting operates within a unique context that dictates the applicable standard of care. Such a standard of care must be established by expert testimony at the time of trial. This brings the decision of what ambulatory assistive device is appropriate for Mr. Szemple outside of the common knowledge exception. Neither category of claims against the medical defendants are suitable for the average juror without expert testimony, and thus the common knowledge doctrine does not apply.

### III. No exceptional circumstances warrant an extension beyond the 120-day period proscribed by the Affidavit of Merit Statute.

No exceptional circumstances exist as to justify plaintiff's failure to provide a timely Affidavit of Merit. Defendants put plaintiff on notice of their demand for

an Affidavit of Merit and the specialties of each individual defendant in their Answer. Ex. B 26-27; *see also Buck v. Henry*, 207 N.J. 377 (2011) (requiring defendants indicate their medical specialties so that plaintiffs have the opportunity to obtain a conforming Affidavit of Merit within 120 days). There has been no substantial compliance with the Affidavit of Merit requirements. *Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144 (2003) (finding service of an Affidavit of Merit 18 days after the deadline constituted substantial compliance). There is no evidence that plaintiff's attorney has exercised a lack of diligence, though even if there was, such does not constitute exceptional circumstances. *Palanque v. Lambert-Woolley*, 168 N.J. 398 (2001) (holding that attorney malpractice does not constitute extraordinary circumstances). Absence of a *Ferreira* conference does not constitute extraordinary circumstances. *Paragon Contractors, Inc. v. Peachtree Condominium Ass'n*, 202 N.J. 415, 426 (2010).

Mr. Szemple is familiar with the Affidavit of Merit requirement. He has represented himself in several medical malpractice matters, and has been confronted with the Affidavit of Merit requirement several times. *E.g., Szemple v. Univ of Med. & Dentistry*, 451 Fed. Appx. 187 (3d Cir. 2011); *Szemple v. Univ. of Med. & Dentistry of N.J.*, 162 F. Supp. 3d 423 (D.N.J. 2016); *Szemple v. Rutgers*, No. 3:19-cv-13300 (D.N.J. filed May 19, 2019). Mr. Szemple was well aware of the Affidavit of Merit Statute when he filed his May 7, 2025 complaint. Plaintiff is not excused

from his legal obligations, and he was required to file a conforming Affidavit of Merit within 120 days of the defendants' answer. Mr. Szemple has no justification for his failure to provide an Affidavit of Merit.

## **CONCLUSION**

Mr. Szemple continues to torment his medical providers with lawsuit after lawsuit. As with many of his prior lawsuits filed over the course of his life-sentence, these claims are patently meritless. It is for situations like these that New Jersey enacted the Affidavit of Merit Statute; to prevent the unjust harassment of medical providers with unjustified litigation. Plaintiff's failure to obtain even one Affidavit of Merit against the numerous providers he sues is evidence of his baseless claims. Accordingly, plaintiff's May 7, 2025 claims of medical negligence, enshrined in Counts 9, 11, and 12 against defendants, Jeffrey Pomerantz, D.O.; Sherita Latimore-Collier, M.D.; Christine Hartranft, APN; Lisa Mills, APN; Connie Purcell, R.N; and Rutgers, the State University of New Jersey must be dismissed, with prejudice.

Respectfully submitted,

**MACNEILL, O'NEILL & RIVELES, LLC**
Attorneys For Defendants, Jeffrey Pomerantz, D.O., Sherita Latimore-Collier, M.D., Christine Hartranft, APN, Lisa Mills, APN, Connie Purcell, R.N (improperly pled as Connie Pursell) and Rutgers, the State University of New Jersey (improperly pled

as Rutgers University Correctional Healthcare),

Dated:  February 20, 2026         By:        */s/ Esad Metjahic*
                                              Esad Metjahic, Esq.